UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ALISHA L. COBB,

       Plaintiff,

v.                                    Civil Action No. 2:21-cv-00597

WEST VIRGINIA UNITED HEALTH
SYSTEM, INC., d/b/a West
Virginia University Health
System; CAMDEN-CLARK MEMORIAL
HOSPITAL CORPORATION; SODEXO
AMERICA, LLC; JOYCE MOEN; and
TOM BAYLES,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       Pending is plaintiff Alisha L. Cobb's ("Cobb") motion to remand, filed December 9, 2021.  Cobb Mot. Remand, ECF No. 5.

I. Background

       This action arises out of Cobb's employment by defendants West Virginia United Health System, Inc. ("United Health System"), and Camden-Clark Memorial Hospital Corporation ("Camden-Clark") at their hospital in Wood County, West Virginia (the "hospital").  Cobb alleges that she "worked for [United Health System] and [Camden-Clark] as a Sterile Processing Tech from on or around April 19, 2019, until her constructive discharge on or around September 10, 2021."  Compl. ¶ 11, ECF

No. 1-2.  She claims that defendant Tom Bayles ("Bayles")
repeatedly sexually harassed her during her time at the
hospital, thus "creat[ing] a hostile working environment" that
led to her constructive discharge.  Id. ¶ 16; see also id. ¶¶
14-34.  According to the complaint, Bayles was a housekeeper
under a joint employment agreement between United Health System,
Camden-Clark, and defendant Sodexo America, LLC ("Sodexo").  Id.
¶ 15.  Cobb alleges that she kept her supervisor, defendant
Joyce Moen ("Moen"), apprised of Bayles' harassment but that the
behavior continued.  See id. ¶¶ 17, 20-34.  As a result of her
alleged constructive discharge, Cobb seeks, inter alia, all
remedies available under the West Virginia Human Rights Act and
punitive damages.  See id. ad damnum cl.

       The complaint describes the residencies of the
defendants as follows:

    [United Health System] is a West Virginia corporation
    with its principal office located in Morgantown, West
    Virginia.  Id. ¶ 2.

    [Camden-Clark] is a West Virginia corporation with its
    principal office located in Parkersburg, Wood County,
    West Virginia.  Id. ¶ 3.

    [Sodexo] is a Delaware limited liability company with
    its principal office located in Gaithersburg,
    Maryland.  Id. ¶ 5.

    Upon information and belief, [Moen] is a resident of
    Massachusetts . . . .  Id. ¶ 8.

> Upon information and belief, [Bayles] is a resident of
> Wood County, West Virginia . . . .  <u>Id.</u> ¶ 9.

Sodexo adds that it is a "single-member limited liability
company with its sole member being Sodexo Management, Inc.[,] a
New York corporation with a principal place of business in
Gaithersburg, Maryland."  Sodexo Resp. 2, ECF No. 8.

The complaint alleges that Cobb "is a resident of
Puyallup, Washington, but at all relevant times herein she was a
resident of Wood County, West Virginia."  <u>Id.</u> ¶ 1.  In an
affidavit, however, Cobb avers that her residency in Washington
is only temporary, and that she is a permanent resident of Wood
County, West Virginia.  <u>See</u> Cobb Aff. ¶¶ 4-20, ECF NO. 5-1.
Cobb asserts as follows:

> I own a home in Parkersburg, West Virginia, located at
> 2218 Nash St., Parkersburg, WV 26101.
>
> I also own a garage apartment located at 2216 Nash
> St., Parkersburg, WV 26101.
>
> I pay real and personal property taxes in Wood County,
> West Virginia.
>
> I have a West Virginia driver's license and my vehicle
> is registered in West Virginia.
>
> I am registered to voted in West Virginia.
>
> I am not registered to vote in Washington.
>
> My primary banking account is located at Chase Bank in
> Wood County, West Virginia.
>
> I am currently renting for my residence in Pierce
> County, Washington, and my rental agreement ends in

September of 2022.

When my husband and I moved to Pierce County,
Washington for my work assignment, we brought only
minimal possessions with us to get by while completing
my temporary work assignment.

The majority of our possessions and belongings remain
at our home in Parkersburg, West Virginia.

I continue to pay the utility bills for my home in
Parkersburg, West Virginia.

Upon completion of my work assignment in Washington,
my husband and I intend to return to our home in
Parkersburg, West Virginia.

Id. ¶¶ 9-20.

Cobb initiated this action on November 1, 2021, in the
Circuit Court of Wood County, West Virginia. See Compl.  On
November 11, 2021, Sodexo removed the action to this court,
invoking the court's diversity jurisdiction under 28 U.S.C.
1332(a).  See Not. of Removal, ECF No. 1.  Normally, "[a] civil
action otherwise removable solely on the basis of [diversity
jurisdiction] may not be removed if any of the parties in
interest properly joined and served as defendants is a citizen
of the State in which such action is brought," 28 U.S.C. §
1441(b)(2), and United Health System, Camden-Clark, and Bayles
are citizens of West Virginia.  However, because at the time of
removal those defendants had not been served, Not. of Removal ¶
22, removal was proper, see Blankenship v. Napolitano, No. 2:19-
cv-00236, 2019 WL 3226909, at *2-4 (S.D. W. Va. July 17, 2019).

4

Cobb moved to remand to state court on December 9, 2021, <u>see</u> Cobb Mot. Remand, to which Sodexo responded on December 21, 2021, <u>see</u> Sodexo Resp.  None of the other defendants filed a response.

## II. Motion to Remand Standard

28 U.S.C. § 1441(a) permits the removal of an action from state court to federal district court when "the district courts of the United States have original jurisdiction."  Under 28 U.S.C. § 1332(a)(1), "a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states."  <u>Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC</u>, 636 F.3d 101, 104 (4th Cir. 2011).

"It is well established that the party removing a case to federal court bears the burden of establishing the court's subject-matter jurisdiction over the case."  <u>Bartels by and through Bartels v. Saber Healthcare Grp., LLC</u>, 880 F.3d 668, 680 (4th Cir. 2018).  The removing party must show complete diversity by a preponderance of the evidence.  <u>Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.</u>, 822 F.3d 739, 748 (4th Cir. 2016).

5

### III. Discussion

"With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." <u>Cent. W. Va. Energy</u>, 636 F.3d at 104 (footnote omitted). Relevant here, "[a] person is a citizen of a state only if she is a citizen of the United States and a domiciliary of that state." <u>Scott v. Cricket Commc'ns, LLC</u>, 865 F.3d 189, 195 (4th Cir. 2017). Cobb contends that she is a domicile of West Virginia, defeating complete diversity and requiring remand to the state court. <u>See</u> Cobb Mot. Remand. Sodexo counters that "[t]he record in this matter establishes that [Cobb's] domicile . . . changed from West Virginia to Washington," making her completely diverse from all the defendants and establishing diversity jurisdiction in this court. Sodexo Resp. 7. Alternatively, Sodexo requests "limited jurisdictional discovery to . . . determine [Cobb's] domicile." <u>Id.</u>

For purposes of diversity jurisdiction, a person's state of citizenship is determined by where the person is domiciled. <u>See Bloom v. Library Corp.</u>, 112 F. Supp. 3d 498, 502-03 (N.D. W. Va. 2015). A person's domicile "is the state in which that person lives 'with intent to make it a fixed and

6

permanent home.'" Blankenship v. Fox News Network, LLC, 510 F.
Supp. 3d 356, 365 (S.D. W. Va. 2020) (quoting C.I.R. v. Swent,
155 F.2d 513, 515 (4th Cir. 1946)).  While a person may have
multiple residences, or multiple places where they may be
physically present, a person has only one domicile.  Id. at 515
n.3.  Thus, a person's domicile is her "true, fixed, principal,
and permanent home, to which [she] intends to return and remain
even though currently residing elsewhere."  United States v.
Venturella, 391 F.3d 120, 125 (2d Cir. 2004) (quoting Black's
Law Dictionary 501 (7th ed. 1999)).

        The Fourth Circuit sets forth the following non-
exhaustive list of factors to consider when assessing where a
person is domiciled:

>     voter registration; current residence; the location of
>     real and personal property; location of bank and
>     brokerage accounts; membership in clubs, churches, or
>     other associations; place of employment or business;
>     driver's license and automobile registration; and the
>     state to which a person pays taxes.

Scott, 865 F.3d at 195 (citing 13E Charles Alan Wright & Arthur
R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2009)).
"No single factor is dispositive."  Id.

        Cobb argues that her "domicile is in West Virginia,
where she is registered to vote, owns personal and real
property, pays property taxes, maintains a driver's license,
vehicle registration, bank account, and intends to return upon

7

completion of her temporary work assignment in Pierce County,
Washington." Cobb Mot. Remand 1.  In short, Cobb contends that
that while she may temporarily reside in Washington, she intends
to return to her true and permanent home in Wood County, West
Virginia.  See id. at 4-6.  Sodexo challenges Cobb's claim of
Wood County domicile under four factors.

First, Sodexo contends that Cobb is not merely a
temporary resident of Washington because she works in the state
and has an address there.  Sodexo Resp. 4.  In response, Cobb
produces contracts related to her Washington employment.  As
Cobb points out, those documents provide that her employment
contract ended April 2, 2022, Assignment End Date Modification,
ECF No. 5-2;[1] that her employer has the right to place her on
various "temporary assignments . . . at a variety of locations,
possibly nationwide," Employment Contract 2, ECF No. 11-1; that
her employer classifies her as a "Traveler," id. at 5; that her
employer provides her with a "living per diem" while she is
"living away from [her] permanent tax home," id.; that her
employer identifies her "permanent tax home," or "permanent
address," as 2218 Nash St., Parkersburg, WV 26101, id. at 11;
and that her pay stubs are addressed 2218 Nash St., Parkersburg,
WV 26101, Nov., 5, 2021, Pay Stub, ECF No. 5-3.  Cobb's

---

[1] Cobb has not updated the court on her current residency.

employment records demonstrate that her physical presence in Washington is only temporary and that her permanent home is in Wood County, West Virginia, which strongly weighs in favor of an intent to return to Wood County.

Second, Sodexo notes that even if Cobb is registered to vote in West Virginia, she "is not eligible to vote in West Virginia" because she does not reside in West Virginia. Sodexo Resp. 4-5 (citing W. Va. Code § 3-1-3). But Sodexo's argument is beside the point. As Cobb points out, her maintenance of a West Virginia voting registration evinces her intent to return to West Virginia after her work assignment in Washington ends, regardless of whether Cobb could vote in West Virginia while living in Washington. Cobb Reply 5-6, ECF No. 11. This factor weighs in favor of an intent to return to Wood County.

Third, Sodexo suggests that Cobb is in violation of Washington law by maintaining her West Virginia driver's license and vehicle registration. Sodexo Resp. 5 (citing Wash. Rev. Code §§ 46.16A.030, 46.20.021). But, as with Cobb's voting registration, the fact that she has kept a West Virginia driver's license and vehicle registration suggests an intent to return to West Virginia. See Cobb Reply 7. Moreover, the Washington laws cited by Sodexo require new "resident[s]" to obtain Washington driver's licenses and vehicle registrations,

and Cobb notes that a "resident" includes only "a person who manifests an intent to live or be located in [Washington] on more than a temporary or transient basis."  Wash. Rev. Code § 46.20.021(b)(3); see Cobb Reply 6-7.  Under the Washington law cited by Sodexo, Cobb's lack of Washington driver and vehicle credentials also affirm her temporary residency in the state. Cobb's driver's license and vehicle registration thus weigh in favor of an intent to return to Wood County.

Fourth, Sodexo disputes that Cobb owns real property in Wood County, West Virginia, and adduces a Wood County property record suggesting Cobb's Wood County address is co-owned by the "Griffith Anita Glo Life Estate" and the "McMullen Tina M Life Estate" instead of her.  Sodexo Resp. 5; see also Wood County Property Card, Sodexo Resp. Ex. 1, ECF No. 8-1.[2]  In response, Cobb produces a 2020 Wood County real property tax receipt and a 2021 Wood County real property tax statement for 2218 Nash St., Parkersburg, WV 26101.  See 2020 Tax Receipt, ECF No. 11-2; 2021 Tax Statement, ECF No. 11-3.  While both tax documents identify "Griffith Anita G L/E" as owning the real property, they also include under their property descriptions "L/C Cobb Jonathon & Alisha."  See 2020 Tax Receipt; 2021 Tax

_____

[2] The property record is the only item of evidence Sodexo produces to challenge Cobb's Wood County domicile.

Statement.  According to Cobb, that means Cobb and her husband
are responsible for tax payments under a land contract.  Cobb
Reply 7.  The tax documents plainly identify Cobb with an
interest in the address which she identifies as her permanent
home.  Consequently, the tax documents weigh in favor of Cobb's
asserted Wood County domicile.

Each factor underscored by Sodexo evidence Cobb's
intent temporarily to work in Washington while maintaining her
domicile in Wood County, West Virginia.  Indeed, the courts have
long been familiar with litigants who have temporary work
arrangements like Cobb's and find that such individuals do not
lose their domiciliary status in their home state, provided the
arrangement is truly temporary coupled with an intent to return
home.  See, e.g., Casiano Commc'ns, Inc. v. Velazquez Pinol, 738
F. Supp. 2d 301, 304-07 (D.P.R. 2010); Slate v. Shell Oil Co.,
444 F. Supp. 2d 1210, 1215-19 (S.D. Ala. 2006); Webb v. Banquer,
19 F. Supp. 2d 649, 654 (S.D. Miss. 1998); Messersmith v.
Matteucci, 276 F. Supp. 310, 311-13 (E.D. Cal. 1966); Hurst v.
Nat'l Gen. Ins. Co., No. 15-614-JJB-EWD, 2017 WL 7734973, at *6-
9 (M.D. La. Feb. 22, 2017).

Sodexo has failed to carry its burden to demonstrate
that Cobb's domicile was Washington rather than Wood County,
West Virginia, and the court accordingly lacks subject-matter

jurisdiction over this action.  Sodexo's alternative request for limited jurisdictional discovery is also unavailing.  While the fact that discovery in this case has been ongoing tends to obviate any need for limited jurisdictional discovery, the court is nonetheless not persuaded that jurisdictional discovery would be warranted on this record, which overwhelmingly shows that Cobb is a Wood County, West Virginia, domicile.

### IV. Conclusion

For the foregoing reasons, it is ORDERED that Cobb's motion to remand be, and hereby is, granted.  It is further ORDERED that this action be, and hereby is, remanded for all further proceedings to the Circuit Court of Wood County, West Virginia.

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: April 22, 2022

John T. Copenhaver, Jr.
Senior United States District Judge